**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2958
_____

KEVIN DAVIS,
                                        Appellant

v.

JOHN WETZEL; ROBERT HAMMAND; E. ARMEL, Superintendent;
S. ERICKSON, Superintendent; JOHN DOES 1 AND 2

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00208)
Magistrate Judge:  Honorable Christopher B. Brown (sitting by consent)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 21, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 30, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner Kevin Davis appeals pro se from the District Court's decision granting summary judgment against him in this civil-rights case that he brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm that judgment.

I.

In the late 1970s, Davis was sentenced in Pennsylvania state court to consecutive life terms based on his conviction for two murders — one that he committed as a juvenile, and the other that he committed as an adult. Following the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460, 465 (2012) ("hold[ing] that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment[]"), and *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) (holding that *Miller* applies retroactively), Davis was resentenced to a prison term of 40 years to life for the murder that he had committed as a juvenile.

In 2023, at which point Davis was still serving his 40-to-life sentence,[1] he commenced a pro se civil-rights lawsuit in the District Court against a few prison officials, seeking damages and other relief. Davis's amended complaint, which is the operative pleading, raised numerous claims. The claims that survived dismissal alleged that the defendants were violating (1) the Fourteenth Amendment's Equal Protection Clause by treating Davis differently from other "juvenile lifers" (inmates who have been sentenced to life in prison for crimes committed as juveniles); (2) the First Amendment

---

[1] Davis has since been paroled from that sentence, and he is now serving his consecutive life sentence for the murder that he committed as an adult.

by retaliating against him for filing grievances and another lawsuit; and (3) the Eighth Amendment by being deliberately indifferent to the fact that, "by virtue of his chronic illness (diabetes), he was in imminent danger/risk at . . . SCI-Fayette [(his place of confinement)] of having a heart attack/stroke due to the toxic coal ash that contaminates the institution." Am. Compl. 8.

After the close of discovery, the defendants moved for summary judgment on the three surviving claims. Davis opposed that motion. On September 25, 2025, the District Court granted the defendants' summary-judgment motion, concluding that all three claims were unexhausted and meritless. Davis then timely filed this appeal, challenging the District Court's summary-judgment decision.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's summary-judgment decision is plenary. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted). We may affirm the District

3

Court's judgment on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that summary judgment was warranted against Davis because no jury could reasonably find for him on all three claims.[2] In support of his equal-protection claim, he alleged that, unlike other "juvenile lifers" who have been resentenced after *Miller* and *Montgomery*, he has not been transferred to a prison in his "home region." *See* Am. Compl. 7. He contends that such a transfer would allow him "to complete his rehabilitation with counseling, making him eligible for programs aimed toward release, such as vocational and job readiness training." *Id.* However, this contention ignores the fact that, unlike the typical "juvenile lifer," Davis is subject to a consecutive life sentence for a murder that he committed as an adult. Because Davis has not shown that he was/is being treated differently from "juvenile lifers" *who are similarly situated to him*, his equal-protection claim does not involve a genuine dispute of material fact. *See Child.'s Health Def., Inc. v. Rutgers, the State Univ. of N.J.*, 93 F.4th 66, 84 (3d Cir. 2024) ("[T]o bring a successful equal protection claim, plaintiffs must demonstrate that they received different treatment from that received by other individuals similarly situated." (internal quotation marks omitted)).

Davis's other two claims fare no better. His retaliation claim fails because he has not established that the record contains evidence that would enable a reasonable juror to conclude that the requisite causal connection exists between his protected activity (filing

---

[2] In view of our conclusion about the merits of Davis's claims, we need not address the District Court's exhaustion analysis.

grievances and a lawsuit) and the adverse action that the defendants have allegedly taken against him (refusing to transfer him to a prison in his "home region" and preventing him from participating in rehabilitation programs designed to help "juvenile lifers" make the transition back into society). *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (explaining that a prisoner asserting a retaliation claim must establish, inter alia, that there is a "causal link between the exercise of his constitutional rights and the adverse action taken against him"). And Defendants are entitled to summary judgment on Davis's Eighth Amendment claim because he has not shown that the record contains evidence "from which a reasonable fact finder could find that Davis's diabetes was caused by exposure to coal ash or that he is at risk of having a heart attack or stroke from the [alleged] toxic condition at . . . SCI-Fayette." Dist. Ct. Mem. Op. entered Sept. 25, 2025, at 27 (internal quotation marks omitted); *see id.* (concluding that "Davis's assertion that he is at risk is speculatory" (emphasis omitted)). *See generally Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("For a[n] [Eighth Amendment] claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.").

In view of the above, we will affirm the District Court's judgment.